# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-09995-SVW-JEM | Date | February 28, 2019 |
| Title | *Maureen Levine v. Ford Motor Company et al.* | | JS-6 |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

N/A  N/A

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]

## I. Introduction and Background

On October 29, 2018, Plaintiff Maureen Levine filed the instant suit against Defendants Ford Motor Company ("Ford Motor") and Fairway Ford Sales, Inc. ("Fairway Ford"). Dkt. 1-2. Plaintiff asserts claims against Ford Motor for: (1) violation of Cal. Civ. Code § 1793.2(d); (2) violation of Cal. Civ. Code § 1793.2(b); (3) violation of Cal. Civ. Code § 1793.2(a)(3); (4) breach of an express written warranty; (5) breach of the implied warranty of merchantability; and (6) fraud by omission. *Id.* Plaintiff brings one claim against Fairway Ford: breach of the implied warranty. *Id.*

On November 29, 2018, Defendants removed the action to this Court. Dkt. 1. The alleged basis for removal was diversity of citizenship. *Id.* Plaintiff now moves to remand the action to state court on the ground that Defendants have not met their burden to establish diversity jurisdiction. Dkt. 11.

## II. Summary of Allegations

### A. Allegations of the Complaint

The crux of Plaintiff's allegations is that in 2013, Plaintiff purchased from Fairway Ford a 2013 Ford Edge that was manufactured by Ford Motor and that developed a variety of defects during the warranty period, including problems with the "Sync" system, transmission, battery, and brakes. Dkt. 1-2

_____ : _____

Initials of Preparer

PMC

¶¶ 8, 10. Plaintiff alleges that Ford Motor was unable to service or repair the vehicle after a reasonable number of opportunities. *Id.* ¶ 11. Plaintiff seeks actual damages, restitution, and civil penalties. *Id.* at 10.

### B. Allegations of the Notice of Removal

Defendants allege removal jurisdiction based on complete diversity of the parties. Ford Motor is a citizen of Delaware and Michigan. Dkt. 1 ¶ 22. Ford Motor removed the action alleging that Plaintiff is a citizen of California, based on the allegation in the underlying Complaint that Plaintiff is a "resident of Orange County, California." *Id.* ¶ 21; Dkt. 1-2 ¶ 2. Fairway Ford is alleged to be a citizen of California. However, Ford Motor alleges that Fairway Ford is a sham defendant, joined only to defeat diversity jurisdiction.[1] Dkt. 1 ¶ 24.

## III. Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption

---

[1] This is a litigation tactic that Ford Motor has often employed, to little success. *See, e.g.*, *Torres v. Ford Motor Co.*, No. SACV 18-00232-CJC(DFMx), 2018 WL 4182487 (C.D. Cal. Aug. 30, 2018); *Watson v. Ford Motor Co.*, No. 18-cv-00928-SI, 2018 WL 3869563 (N.D. Cal. Aug. 15, 2018); *Cavale v. Ford Motor Co.*, No. 1:18-cv-00680-LJO-BAM, 2018 WL 3811727 (E.D. Cal. Aug. 9, 2018); *Audo v. Ford Motor Co.*, No. 3:18-cv-00320-L-KSC, 2018 WL 3323244 (S.D. Cal. July 6, 2018); *Jimenez v. Ford Motor Co.*, No. CV 18-3558-JFW(ASx), 2018 WL 2734848 (C.D. Cal. June 5, 2018); *Chipley v. Ford Motor Co.*, No. 18-cv-01161-YGR, 2018 WL 1965029 (N.D. Cal. Apr. 26, 2018); *Cardenas v. Ford Motor Co.*, No. CV 18-1090 DSF (PLAx), 2018 WL 2041616 (C.D. Cal. Apr. 23, 2018); *Blowers v. Ford Motor Co.*, No. CV 17-8224-JFW (KSx), 2018 WL 654415 (C.D. Cal. Jan. 31, 2018).

against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

**IV.     Analysis**

Plaintiff contends that Ford Motor has failed to meet its burden to establish diversity jurisdiction because Ford Motor has not established that Fairway Ford is fraudulently joined. Only if a court finds that a defendant was fraudulently joined simply to defeat complete diversity and the defendant "cannot be liable on any theory" may the court disregard the citizenship of the "sham" defendant for removal purposes. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (stating that fraudulent joinder occurs where a plaintiff's failure to state a claim is "obvious according to the settled rules of the state"); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. The defendant must also show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." (internal citations and quotation marks omitted)).

Here, Ford Motor contends that Fairway Ford is a sham defendant because the only claim against it is an implied warranty claim. Ford Motor argues that Plaintiff cannot state a claim of a breach of the implied warranty against Fairway Ford because the claim is barred by the statute of limitations. Dkt. 1 ¶ 35. In particular, according to Ford Motor, California law provides that the claim must be brought within four years after the claim accrues, and here Plaintiff filed the action more than five years after she purchased the vehicle. *Id.* ¶¶ 34-35.

Ford Motor's allegations in the Notice of Removal are insufficient to establish that Fairway Ford cannot be liable on any theory. In particular, it is not obvious under the settled law of California that

Plaintiff's claim against Fairway Ford is barred by the statute of limitations. Plaintiff's complaint alleges that Defendants unsuccessfully attempted repair of the allegedly defective vehicle. "The statute of limitations on a warranty claim is tolled during the period in which a defendant has unsuccessfully attempted to repair the defect. This rule may not ultimately be applicable here, but it is not obvious on the face of the complaint that tolling would not apply and that such tolling would not bring the case within the limitations period." *Cardenas*, 2018 WL 2041616, at *1. It is similarly not obvious at this early stage that other tolling doctrines, such as the delayed discovery and fraudulent concealment rules, would not apply. *See Chipley*, 2018 WL 1965029, at *3.

**V.     Conclusion**

The Court GRANTS Plaintiff's motion and REMANDS the case to state court for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

Initials of Preparer

PMC